UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA BASHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15 CV 30 CDP |
| | ) |
| MIDLAND FUNDING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendants removed this case on the basis of federal question jurisdiction and now move to dismiss it on the ground that plaintiff's *pro se* amended complaint does not comply with Fed. R. Civ. P. 8, which requires a short and plain statement of plaintiff's claims. Defendants also seek dismissal under Fed. R. Civ. P. 12(b)(6) for plaintiff's failure to state claims against them. Defendants previously sought dismissal of plaintiff's state court petition on the same grounds, but I denied that motion and instead directed plaintiff to file a "comprehensible, amended complaint" in compliance with the Federal Rules of Civil Procedure. Plaintiff filed an amended complaint, and while not the model of clarity, it does meet the pleading standards of the federal rules. Although some of plaintiff's allegations are not actionable under the pleaded statutes, plaintiff has set out sufficient facts of alleged violations of federal statutes within the relevant time

1

period to survive dismissal at this time. Whether plaintiff will ultimately succeed on the merits of her claims is not before me at this time. For the reasons stated below, defendants' motion to dismiss will be granted in part and denied in part.

Background Facts

Plaintiff filed her *pro se* state court petition on November 26, 2014. In it and her subsequently filed amended complaint, plaintiff complains of debt collection activities undertaken by defendants, who are alleged to be debt collectors within the meaning of the Fair Debt Collection Practices Act. It appears from plaintiff's 30-page amended complaint that the Midland defendants were attempting to collect debts owed by plaintiff to Chase Bank and Barclays Bank. Plaintiff alleges that, beginning in 2011, she was contacted "daily" at home and work about the debts, and that defendants called her family members about her debts, too. She claims she sent "cease and desist" letters to defendants in 2013 and that she requested validation of the debts and "proof of an unbroken chain of title," and when defendants did not respond to her letters she told them "she considered the matter closed and any further collection calls she would prosecute for the violations." Then, in July of 2013 defendant Gamache & Myers (Gamache) allegedly contacted plaintiff regarding the debt she owed to Chase bank. Plaintiff alleges that Gamache sent her letters on August 3, 2013, and July 31, 2013, validating the debt, but that the letters did not include referenced documentation

2

evidencing the debt.  Plaintiff alleges that Gamache then began contacting her at work and her family members about her debt.

Plaintiff asserts that a Midland representative called her at work in September of 2013, used profanity, and threatened to garnish her wages if she did not pay.  Plaintiff alleges that a customer at work overhead the conversation, and that calls "continued through the end of November 2013" by the Midland defendants.  Plaintiff also alleges that she received a letter dated November 26, 2013, from Gamache regarding collection of the Barclay debt.  Plaintiff claims that Gamache then began calling her at work and at home, and called her family members about the Barclay debt.  Plaintiff alleges that the debt collectors who called her at work were loud, rude, and used foul language that could be overhead by customers.  Plaintiff asserts that she wrote Gamache a letter on January 8, 2014, requesting validation of the debt.  Gamache responded by providing her with documentation on January 14, 2014, but plaintiff alleges that this documentation was insufficient to validate the debt.

Plaintiff alleges that defendant Midland Funding sued her on the Chase debt in Crawford County Circuit Court on November 18, 2013 and in the same court on the Barclay debt on February 23, 2014.  Plaintiff alleges that they used "hearsay information" in support of their petition.  Midland was apparently represented by Gamache in these suits.  Plaintiff apparently filed, or attempted to file, a

counterclaim in at least one of these cases. The Chase case was allegedly dismissed without prejudice on March 20, 2014, while the Barclay case was allegedly dismissed without prejudice on August 22, 2014. Plaintiff then alleges that her counterclaim was dismissed without prejudice on November 4, 2014, but she "refiled" it as this instant case on November 26, 2014, which was then removed to this Court on January 7, 2015. Plaintiff attaches no supporting documentation to her amended complaint.

Plaintiff alleges claims against defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff claims defendant Midland Credit violated the FDCPA by calling her at work, threatening to garnish her wages, not validating her debts, continuing collection efforts without verification, calling her when she told them to contact her only in writing, using foul language, calling her repeatedly, not disclosing its identity, and contacting her family members about her debt. Plaintiff alleges that defendant Gamache violated the FDCPA by telling plaintiff they were going to place liens on her property in February of 2014, contacting her at work, communicating by telephone instead of in writing, using abusive and oppressive conduct, contacting her before 8 a.m. and after 9 p.m., using foul language, calling her repeatedly, and not disclosing its identity. Plaintiff complains that defendant Midland Funding violated the FDCPA by providing evidence of the debt from Barclay and Chase, not "their own" records, and by

4

acting "willfully and callously."

Plaintiff's fourth claim for relief is entitled "False, Deceptive or Misleading Tactics," and is brought against defendant Gamache under the FDCPA and "the State Act," which plaintiff does not further identify. Plaintiff alleges violations of the FDCPA and "the State Act" for Gamache's allegedly false representation that it had original documentation establishing the existence of the debt, and for its alleged failure to "substantiate" the debt and "prove that any one of the Defendants is the holder in due course to collect the alleged Debt." Plaintiff also complains that Gamache, as a law firm, "should know enough to follow state and federal laws" because an attorney "implies more authority than a debt collector." Plaintiff alleges that Gamache "precipitously filed illegal documents . . . in order to receive a judgment," and that it should have "readily determined that the alleged debt was in dispute." Plaintiff further asserts that Gamache did not properly validate the debt and that it "had no legal standing to bring a claim as they have not been honest and forthright in their pursuit, when presenting themselves as the attorney of record but communicating as a collection agency for their own benefit."

Plaintiff's fifth claim for relief alleges violations of the Fair Credit Reporting Act against all defendants, 15 U.S.C. § 1681 et seq. allegedly for reporting to and communicating with credit reporting agencies and "other persons" about her debts without reporting that the debts were disputed, failing to conduct an investigation

5

after receiving notice that the debts were disputed, failing to review all relevant information, failing to conduct an investigation as to the accuracy of the information being reported to the credit agencies, reporting false, inaccurate, and incomplete information, and reporting a past due balance when plaintiff allegedly did not owe the debt.

Count Six alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, for defendants allegedly contacting her and her family members on their cellular telephones, calling multiple times in one day after plaintiff requested she not be contacted by phone, repeatedly calling, and calling her using a pre-recorded message. The remaining claims appear to allege violations of state law, with the possible exception of the tenth claim, entitled "Respondeat Superior," which alleges that Midland Funding directed the activities of Midland Credit and Gamache and should therefore be held liable under the FDCPA (even though plaintiff has also asserted direct claims against Midland Funding for the same alleged violations of the FDCPA). Finally, in addition to the relief plaintiff alleges she is entitled to under the various federal and state laws, she also demands that her debts be "expunged from her records" and that "no lawsuit or complaint is ever to be made with regard to this alleged debt at any time in the future."

## Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short

and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009); Erickson v. Pardus, 551 U.S. 89, 93 (2007). While specific facts are not necessary, a pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Benton v. Merrill Lynch & Co., Inc., 524 F.3d 866, 870 (8th Cir. 2008). To meet the Rule 8(a) standard and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556); Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 570).

7

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Erickson, 551 U.S. at 93–94; Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. Braden, 588 F.3d at 594.

Under these governing standards, plaintiff's FDCPA claims survive dismissal at this time. In her second response to defendants' motion to dismiss, plaintiff acknowledges the one-year statute of limitations applicable to her FDCPA claims and that many of her allegations fall outside of the limitations period, but she correctly points out that she has alleged some facts within the relevant time period which, if proven, would state a claim under the FDCPA. Moreover, plaintiff contends that all alleged facts – even those outside the one-year limitations period – are relevant to her claims arising under state law, the Fair Credit Reporting Act, and the TCPA. Such allegations may also be relevant background information. Therefore, while plaintiff may not be able to maintain FDCPA claims on all facts alleged in the amended complaint, she has stated claims under the FDCPA which survive dismissal at this time. For this reason, defendants' motion to dismiss plaintiff's FDCPA claims (Counts I-III of the

amended complaint) is denied. To the extent Count IV, entitled "False, Deceptive or Misleading Tactics," alleges violations of "the State Act," it is dismissed without prejudice for failure to identify "the State Act." To the extent this count alleges violations of something other than the FDCPA, it is also dismissed without prejudice for failure to adequately state a claim under Iqbal and Twombly. However, to the extent that Count IV alleges violations of the FDCPA, it survives dismissal at this time.

The Court also concludes that plaintiff has adequately alleged the elements of a TCPA claim at this time. See 47 U.S.C. § 227(b)(1)(B) (with few exceptions, prohibiting the initiation of "any telephone call to any residential telephone line using and artificial or prerecorded voice to deliver a message without the prior consent of the called party."). Again, whether plaintiff can ultimately succeed on the merits of this claim is not before me at this time. Defendants' motion to dismiss Count VII is denied.

As for the state law claims, plaintiff acknowledges in her second opposition[1] to dismissal that she has failed to state claims for libel, respondeat superior, and "wanton malicious and intentional conduct," so these claims (Counts X, XI, and part of Count IX) will be dismissed without prejudice for failure to state a claim. To the extent plaintiff's allegations regarding "respondeat superior" are an attempt

---

[1] In the future, plaintiff should file only one brief in support of, or in opposition to, motions.

to state a claim under the FDCPA, they will also be dismissed without prejudice as moot as plaintiff has already stated direct claims against all defendants under the FDCPA. Plaintiff has also failed to adequately allege the elements of a negligent training and supervision claim under Missouri law, so Counts VII and VIII are dismissed without prejudice.

To avoid any additional delay in setting this case for a scheduling conference, I will not require plaintiff to file a second amended complaint in compliance with this Memorandum and Order. Instead, defendants shall answer the amended complaint, but they need not respond to those counts of the amended complaint that have been dismissed. However, defendants shall respond to all factual averments in the amended complaint, whether or not they independently form the basis of a claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#19] is granted in part and denied in part as stated above.

**IT IS FURTHER ORDERED** that this case will be set for a Rule 16 conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2015.