IN THE EASTERN DISTRICT COURT OF MISSOURI

RECEIVED
NOV 2 4 2021
BY MAIL

PLAINTIFF

ANGELA D. BASHAM,                              )

     Pro-Se PLAINTIFF                         )

PO Box 220                                     )Case No.4:15cv00030CDP

Leasburg, Mo 65535                             )The Honorable Catherine Perry

Midland Funding ET AL

     as the hiring entity of 2 defendants

Midland Credit (MCM)                           ) Jury Trial

Gamache and Myers, Defendants                  )Nov 19, **2021**

## I.   PLAINTIFFS UN DISPUTED FACTS FOR SUMMARY JUDGMENT

## II. I. Violations of FDCPA

## III.i. *It is an undisputed fact, that by MCM calling repeatedly and failing to state trying to get location of debtor or to correct information they violated 1692 b(1)*

IV. **04/04/2010** Defendant MCM called at Plaintiffs work repeatedly, never citing purpose, such as requesting or updating information on Plaintiff

V. **04/04/2010** Plaintiff received another call from MCM answered by staff, said would return call.

VI. **04/05/10** Plaintiff received 2 calls from MCM, again only trying to collect upon a Chase account, that Plaintiff had told them she had settled with Chase.

VII.   Plaintiff has not stated all calls do to volume, but they occurred multiple times daily, as indicated for half of 2010 per Bates 000236

VIII.   **BREAKDOWN OF MCM-BASHAM000236**                    **EX XIV (A)**

IX. **MESSAGE LOG FROM WORK BY FORD**                           **XII (B)**

X.

XI. ii. ___It is an UN-disputable fact that Midland credit violated 1692 (e) when stated they were the servicing agent for Chase account ending in 5657 in statement of 06/21/2010 while Midland Funding stated they owned the Chase Account per credit reports___                           **EX II (B)**

XII.         iii. ___It is a UN-disputable fact that Midland violated Missouri Laws 408.040 when charging a rate of interest greater than 9% interest based upon the statements from 06/21/2010 and July 29, 2010,  balance was 4077.74 on 06/20/2010, Then 4162.18, 7/29/10___         **EX II (A-B)**

XIII.         **1/23/2013 Call from MCM regarding Barclay account, then another call regarding Chase, spoke with secretary in depth about collections from who and how much: there were many calls that were answered by self and staff, that were hung up on because of belligerence and fowl language**

XIV.         **The CFPB issued a lengthy Consent Order charging Midland, alongside its associate entities, with inter alia.**

XV.         iv. ___Undisputed that actions of MCM created violations of 1692 c (a)(3), c(a)(3), d(2)     EX XII (B)___

XVI.         **08/23/13** There were multiple calls where I answered from MCM,  that were overheard by patrons where I work, and called back to back when I hung up on them.

XVII.         On one of these calls they spoke with E. Ford, Employer and threatened to garnish

XVIII.         Plaintiffs wages and put a lien against everything she owns, thinking Ms. Ford was Plaintiff.

XIX.         **In MDL action Defendants presented a phone maintenance sheet, which clearly shows**

cellular numbers that were marked DNC, and WN for work.          EX XXXI (N), EX XXXI (H)

EX XXXI (T)

XX.          12/03/19          **AFFIDAVIT FORD ABUSE BY MID. AND GAM. 10 PG.**          XII (A)

XXI.          **06/01/14 pg 3 of 7 Midland Funding Barclays No Dispute**          IX (A)

XXII.          **Credit Karma pg 4 of 7 nothing marked disputed**          Ex IX (B)

XXIII.          **Credit Karma pg 4 of 7 nothing marked disputed**          Ex IX (C)

XXIV.          *v. UNDISPUTED FACT CREATES A VIOLATION OF FCRA 15 U.S.C. 1681 s(a)(1)*

XXV.          Line 8550221927 sequence 7, paid $300 to Alliance One,  direct to Chase. **EX XXXI (I)**

XXVI.          **Defendants contacted Plaintiff and parties at work before 7 a.m. and after 8 PM per**

**their second Chase Account, after Employer notified them repeatedly not to call Plaintiff at**

**work, creating an**

XXVII.          **vi.** *Undisputable Fact violation of 1692c(a)(1), and (a)(3).*

XXVIII.          **vii.** *UNDISPUTED FACT THESE CALLS CREATED A VIOLATION OF 1692 C(A)(3),*

*D(5),E(4)*

XXIX.          **03/10/13** Fax Gamache 2 times with cease and proof          PAGE 2          **EX XIII (D)**

XXX.          **03/18/13 Call Gamache 11:47 cease calling work dispute debt**          **EX XIII(D)**

**03/18/13 MCI G & M Called on 03/10/13 Dispute Debt Cease Calling**          **EX XIII (D**

**06/23/2013 Call from Gamache and Myers regarding Chase Accounts being held in their office**

**for collection stated file number 13507652, spoke with staff giving detail on account 06/27/2013**

**Letter from G & M about chase disputed over phone and by fax**          **EX V (A)**

XXXI.   viii. _UN DISPUTABLE FACT BY G & M CALLING without a purpose of identifying Plaintiff or correcting information about the Plaintiff REPEATEDLY CREATED A VIOLATION OF 1692 C (A)(3), C©, B (2)_

XXXII.   ix. _It is an Un Disputed fact that MCM and G and M supplied affidavits of persons to verify debts they new were improper when they supplied them._ 08/11/09 Midland Funding LLC v. Brent, 644 F. Supp. 2D 961, 970 (N.D. Ohio 2009) ruled as affidavit to be false and misleading due to the false attestation of personal knowledge.

XXXIII.   **All affidavits were supplied after ruling of 08/11/2009 below.**

XXXIV.   07/31/13 AFFIDAVIT FROM LAVERGNE, purchase date 2/4/10          EX VI (D)

01/14/14      VERIFICATION AS TO CARLA RODRIGUEZ          EX VIII (C)

08/07/14 AFFIDAVIT OF APRIL WARRANT-SCHWING purchased as charged off account, Stating line #8 if the debtor **referenced above is a state of California resident**: which I have never been, under penalty of perjury…..AND supplied another blank user agreement 000088 not included, AND gave no record OF Plaintiffs account, just cited info. was one that was purchased, just stated part of records purchased. Midland Funding LLC v.          **EX XXXI(S)**

XXXV.   Stated **Midland Funding LLC v. Biehl, 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150, ¶ 24**          EX VI  (D)

XXXVI.

**Violations of the TCPA**

XXXVII.   Plaintiff HAS copied records that on each of the dates Defendants offered as their call

XXXVIII. Log in the MDL action. The number -1 or spoofing was on each of those dates. No telephone number of Midland Funding or Midland Credit was ever entered. None of the dates and or times they stated they called showed up in any of the Bates Logs they gave.                           XIV (A)

XXXIX.   **05/04/2010** Plaintiff placed her cellular account /family due not call                      **XX (A)**

XL.        **MCM temporarily used a LiveVox**, 1000's of calls were answered

XLI.       On 3 cellular numbers, there were 6588 calls before 7 and after 9

XLII.      04/04/2010 MCM STATED THEY CALLED CELL 2 TIMES 15 SPOOFING CALLS OF SPOUSE AND 4 ~~1A~~ OF AT&T PG 36, 37

XLIII.     04/05/2010 MCM STATED THEY CALLED CELL 2 TIMES 2 SPOOFING CALLS OF ELDEST DAUGHTER, 5 UNKNOWN SPOOFING CALLS, AND 3 -1S. PG 38

XLIV.     06/19/2010 MCM STATED THEY CALLED CELL 1 TIME  3 SPOOFING ELDEST SON, 1 SPOOFING CASINO, AND 3 -1S. 9G 80

XLV.      NO WHERE IS A NUMBER OF MCM, OR NO TIMES LISTED OF CALLS TO VERIFY WHICH THEY ARE.

XLVI.     **06/07/2010** Plaintiff received calls that were seconds apart, while MCM was using Live Vox.

XLVII.    Plaintiff requested their do not call policy, and consent but was not given it.

XLVIII.   x. ***It is an undisputed fact that Live Vox is an automatic Dialing system***.

XLIX.     **06/20/2010** Plaintiff did receive 3 calls from MCM on cell 1 spoofing and 2 marked -1s.

L.         ***Williams v. Schanck***, **No. 5:15-CV-01434-MHH, 2021 U.S. Dist. LEXIS 16858 (N.D. Ala. Jan. 29, 2021), It was decided in this case, via Deposition of Corporate officer,  that Live Vox is an**

automated Dialing System,  and that corporate officers could be held liable for the conduct of

their officers and agents.

LI. xi. *It is an UN disputed facts calls violated the TCPA in 2010*.

LII.       Total calls deemed spoofing from AT&T of 8372, with 21 calls marked a 1 in 2010, and

asked MCM and Midland for their dispute policy and the consent they were using to call me,

but none was ever given, and their attorneys stated all discovery was complete 07/29/13

AMY GALLEGOS DISCOVERY COMPLETE        XXIV ©

LIII.       MCM states they used Noble Dialer from 12/2009-07/15/2014 Page 11        XXXIV (A)

LIV.       *xii. It is an undisputed fact that Noble was declared an ATDs.*

LV. The Court found that RPM's **Noble Predicative Dialer was an ATDS as interpreted through the**

**lens of Allan."** *Ramsey v. Receivables Performance Mgmt., LLC, Case No. 1:16-CV-1059, 2020*

*U.S.* Dist. LEXIS 236094 (S.D. Oh. December 15, 2020)

LVI.  **In footnote marked 3, "MCM still uses the Noble Dialer to call landlines-and cell phones for**

**which it has Strict Consent."**

LVII.  Plaintiff has requested and subpoena copies of any consent, and any records to telephone calls and

recordings, but has never received consent to call, or records, other than what is mentioned, but just the

opposite."These calls were made using predictive dialing functionality on Noble Dialer. Page 13 on dialing

Systems MCM-MDL001114."

LVIII.  **Phone maintenance  4732 again shows 2299 messages, and dnc and noncnt. EX XXXI (T).**

LIX.  **Phone Maintenace 5657 dnc home, work, noncnt, and wn  shows 2299 messages  EX XXXI (H)**

LX.  **Phone Maintenance 1927 showing 2299 Messages dnc, wn, noncnt        EX XXXI (N)**

**LXI.** *xiii. It is an undisputed fact that All pages from MCM with data show 2299 messages, Plaintiff believes this is what they show as calls to Plaintiff, but none of the records cites call logs to cellular phone.*

LXII.   They state on page **8 they used AVAYA VOIP with Host 3** Duguid, 141 S. Ct. at 1170. "[A] necessary feature of an auto dialer under [47 U.S.C.] § 227(a)(1)(A) is the capacity to use a random or sequential number generator to either store or produce phone numbers to be called."Duguid,141 S. Ct. at 1173.

**LXIII.**   *xiv. It is an undisputed fact that the Avaya system is an automatic dialer used to call Plaintiff.*

*LXIV.*   Although it is clear from the text of the auto dialer definition under §227(a) that a device that generates and dials random or sequential numbers qualifies as an ATDS, it is not clear whether a device like the **Avaya system**—that dials from a stored list of numbers only—qualifies as an ATDS.

LXV.   Fortunately, related provisions clear up any ambiguity. We hold that the plain text of §227, read in its entirety, makes clear that devices that dial from a stored list of numbers are subject to the auto dialer ban. We accordingly AFFIRM the district court's grant of summary judgment for Plaintiffs.

LXVI.   **xv. *UN disputed facts calls in 2011 were in violation of the TCPA***

LXVII.   **In 2011 their were 135 calls that were answered to MCM between all users.**

LXVIII.   **11259 calls deemed spoofing by AT & T, with 7695 calls early and late, and 51 calls marked a 1.**

LXIX.   **xvi. UN Disputed Facts Calls in 2012, violated the TCPA**

LXX.   **In 2012, 1134 answered calls to MCM, with 83 marked a 1.**

LXXI.   11528 calls deemed spoofing, with 10258 calls BEFORE 7 A.M. AND AFTER 9 P.M.

LXXII.   **6/07/12mcm states they called one time.**

LXXIII.   ll calls spoofing husband and aunt, with 2 -1s.                **Page 506 of AT & T.**

LXXIV.   **06/08/2012 MCM stated they called one time**

LXXV.   2 -1a, with the balance spoofing son                **Page 507 of AT & T**

LXXVI.   **06/09/2012 MCM stated 3 calls**

LXXVII.   6 -1s with spoofing of balance                **Page 507 of AT & T**

LXXVIII.   **06/10/2012 Mcm stated 3 calls**

LXXIX.   10 calls spoofing spouse, 6 -1s.                **Page 508 of AT & T**

LXXX.   **06/11/2012 Mcm Stated 3 calls.**

LXXXI.   4 -1s, 6 spoofing eldest daughter, 2 spoofing youngest daughter, and the balance spoofing

son.                                                **Page 508, 509**

LXXXII.   **06/12/12 MCM states 2 calls.**

LXXXIII. 4 -1s, 3 Spoofing youngest daughter, 2 spoofing son                **page 509, 510**

LXXXIV.   **06/13/2012 MCM stated called one time.**

LXXXV.   2 -1s and one spoofing son                                **page, 510**

LXXXVI.   **06/14/2012 Mcm stated they called one time**

LXXXVII.Spoofing aunt 5 times,  youngest daughter 5 times, spouse3 times1 -1.   **page 510, 511**

LXXXVIII.   **CALLS SAME TIME ANSWERED ON ACCOUNT**                **XVII (D)**

BASHAMVS.MIDLANDFUNDING 04:15-CV-00030-CDP                                8

LXXXIX.

XC.      **ANSWERED CALLS MCM MARKED -1** same time                    **XVII (E)**

XCI.     **Calls occur cellular number occur at the same time on different Numbers XXXIX (B)**

XCII.    **None of the calls from 2012 were referenced in agent logs.**

XCIII.   **01/22/2013, MCM stated they called one time**

XCIV.    Spoofing 10 times eldest daughter, spoofing aunt 3 times, 1 -1          **page 637, 638**

XCV.     xvii. *UN Disputed Fact that calls in 2013, violated the TCPA*

XCVI.    **In 2013 their were 187 calls answered to MCM, 11991 spoofing calls.**

XCVII.   **8713 that were too early and too late,  and 470 1s. plus a few that were all 3's, or all 0's**

XCVIII.  **xviii. *UN Disputed Fact that calls in 2014, violated the TCPA***

XCIX.    **In 2014 there were 186 calls marked a 1,** vast calls very late and very early in the morning.

         **238 calls that were answered, calls marked 0000000000** see item 22059 on page 1032 of 573-

         205-1850, **used Noble pg 11**                                  **XXXIV (A)**

C.  *xix. UN Disputed Facts calls in 2015 violated the TCPA.*

CI. In 2015 there were only 15 calls that were answered.

CII.     *xx. Undisputed Fact that calls in 2016 violated the TCPA*

CIII.    In 2016 there were 16 calls answered, then we changed services.

CIV.     *Xxi. It is an UN Disputed fact that MCM Made thousands of calls that violated 1692 c(a)*

         *(1) between 2010-2016, per tallied AT & T records, deemed spoofing. The total tallied was 33254.*

CV.    There were 1725 calls that were answered to MCM spoofing, between 2010-2014, and 811
calls marked 1 that were mostly answered, and then hung up on, 2010-2014 for the TCPA period,
and did not include 2015 or 2016, did not tally all calls as indicated next sentence.

CVI.    **Calls marked 10000000000** see item 23535, page 1248, 23677 page 1256, 23738 page
1260, 23799, 23800, 23802, page 1264,off AT & T-1217 there were more.     **EX XXXIII(A)**

CVII.    **Spoofing calls continued using family and friends numbers     EX XIII (A), XIX (A)**

CVIII.    **10/27/2016 MCM stated they made one call to eldest daughter.**

CIX.    *Xxii.  It is an undisputed fact that MCM was spoofing in the call to 573-855-1217 both
calls were spoofing, see AT & T sheet*     **EX XXX (A)**

CX.    Plaintiff realizes that she can not show any of MCMs numbers, because they were never
shown as indicated in breakdown of Bates000236, but states by using this as reference shows how
many calls that were made using -1s and other numbers besides their own, spoofing as well

CXI.    Plaintiff was charged by the minute for all calls, in which ATT Bill was given to

CXII.    Defendants.     EX XIV (B)

CXIII.    None of the dates and or times they stated they called showed up in any of the Bates Logs
they gave.

CXIV.    Reyes v. Saxon Mortg. Services, Inc., 2009 WL 3738177 *4 (S.D.Cal.2009)

CXV.    **In MDL action Defendants presented a phone maintenance sheet, which clearly shows**

CXVI.    **cellular numbers that were marked DNC, and WN for work.     EX XXXI (N), EX
XXXI (H)**

CXVII.    **Question III.**

**CXVIII.**   *xxii. It is a UN DISPUTABLE FACT that both MCM and Gamache have violated the FCRA to the benefit of Midland Funding.*

**CXIX.**   Experian credit report

**CXX.**   Pg 8 of 25, Midland Funding shows they were the owner of Chase Account with date

**CXXI.**   opened of 02/2010, reporting as of 04/2010.                                    **EX VII(B)**

**CXXII.**   Page 9 of 25 Midland Funding owner of Barclay Bank Account originally Barclay

**CXXIII.**   Bank of Delaware original amount of 5139, not marked as disputed.          **EX VII (C)**

**CXXIV.**   Midland Funding showed charging interest in Barclay Account they owned, without ever having a judgment or order of the court showing they were due interest and no

**CXXV.**   statement indicating an amount of interest they were charging was given to Plaintiff.

**CXXVI.**   12/17/2013 Free Credit Scores, Credit Karma

**CXXVII.**   06/01/2014 Free Credit Scores, Credit Karma

**CXXVIII.** Page 3 of 7 Not Marked Disputed, Date Reported 05/19/14                      EX **IX (A)**

**CXXIX.**   Page 5 of 7 Chase Bank MF Date opened 05/14/2012 Not Disputed             **EX IX (C)**

**CXXX.**   Plaintiff stated to both MCM and Gamache Disputed repeatedly,

**CXXXI.**   § faxed and mailed disputes, as well as contacting credit departments.

**CXXXII. Bates Label MCM-BASHAM 000011, 000012**

**CXXXIII.** Labeled Credit Bureau Reports List, shows that the account was repeated stated from 04/19/10 through 08/29/16, indicating plenty of opportunity to show these accounts could have been disputed.

**CXXXIV. Bates Label MCM-BASHAM000169** Barclay marked Disputed 4732   **EX XXXI (P)**

**CXXXV.   Bates MCM-BASHAM000172** Acct end 4732 credit bureau reports from 03/20/2013

through 02/20/2015 Plenty of Time to Dispute                                   **XXXI (Q)**

CXXXVI. MCM showed acct 8550221927 from 07/19/12-09//16/14 plenty of time to dispute

**CXXXVII.**          1/09/2014 **Bates Label GAMACHE0 0019**, 0040 received fax from d requesting

vod and listing many grievances.

**CXXXVIII.**          **Bates label GAMACHE0041** 08:31:16 Dispute notice Blackened areas

**CXXXIX.** 1/09/14 Telephone call TO WORK where I disputed debt with Gamache 15:45:03.

**CXL.**      **Bates Label GAMACHE0020**  01/10/14 13:27:40 Disputes Debt Written, this was sent

again after repeated calls to work telephone.

**CXLI.**      03/21/14 **Bates Label GAMACHE0026** 08:45:45D's Motion to Compel

**CXLII.**      Plaintiff filed motion to compel multiple times, and they have never complied.

**CXLIII.   BatesLabelGAMACHE0004** 07/05/2013 Debtor Disputes debt, rcvd fax and dispute

**CXLIV.**      08/08/14 **BatesLabelGAMACHE0058** Discovery req aug 2014

**CXLV.   BatesLabelGAMACHE0065** 09/22/14 14:41:37 Motion to Compel.5 pg blacked out

**CXLVI.   Bates Label MCM-BASHAM000172** Credit Bureau Report for account ending in 4732,

showing Defendants had time to mark account disputed.

**CXLVII.  Bates Label MCM-BASHAM000095** Credit Bureau Reports acct 1927, showing plenty of

opportunity to dispute, since disputed by Plaintiff

**CXLVIII. xxiii.** *It is a UN DISPUTABLE FACT that both MCM and Gamache have violated the FCRA to the benefit of Midland Funding.*

**CXLIX. Question IV**

**CL.** Defendant Midland Et al must have known by hiring MCM and G&M knowing they were going to commit these above actions.

**CLI.** Defendants called Plaintiffs work multiple times daily in regards to accounts held in their office AND STATED the amounts, and that they were collection agencies.

CLII. Midland Funding was telephoned immediately after the calls from the other Defendants and was advised of their activities, and did nothing to correct them.

CLIII. Should Midland Funding be held vicariously liable for MCM's and G. & M FDCPA, TCPA, FRCA violations & Mcm FDCPA, TCPA, FRCA violations?

**CLIV.** Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877-79 (9th Cir. 2014), affd.

**CLV.** Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 674 (2016)

**CLVI.** Williams v. Schanck, No. 5:15-cv-01434-MHH, 2021 U.S. Dist. LEXIS 16858 (N.D. Ala. Jan. 29, 2021).

**CLVII.** xix. *Un Disputable Fact that Documents given during the MDL as MCMs discovery shown obvious sequencing errors and omissions in dates.*

CLVIII. Sequence errors are obvious and wants them addressed but did not know how to state.

| CLIX. | **XXXI (A)** | BATES MCM-BASHAM000001 |
|---|---|---|
| CLX. | **XXXI (B)** | **BATES MCM-BASHAM000004** |
| **CLXI.** | **XXXI (C)** | **BATES MCM-BASHAM000005** |

| CLXII. | **XXXI (H)** | | **BATES MCM-BASHAM000019** |
| CLXIII. | **XXXI (I)** | | **BATES MCM-BASHAM000091** |
| CLXIV. | **XXXI (J)** | | **BATES MCM-BASHAM000092** |
| CLXV. | XXXI (O) | | **BATES MCM-BASHAM 000104** |

CLXVI.   **xx.** *It is an Un Disputable fact that Plaintiff sustained actual and concrete damage from the constant badgering and calling the Plaintiff, that was overheard by Family, Staff, and Clients. By G&M and MCM.*

| CLXVII. | **XVII (A)** | **12/01/19** | **AFFIDAVIT OF MYRANDA EVANS** |
| CLXVIII. | **XVIII (A)** | **03/10/14** | **LETTER OF TEDDY PARKER** |
| CLXIX. | **XII (C)** | **12/31/13** | **PROVIDED BY FORD LOSS OF INCOME 2012-2018** |
| CLXX. | **XII (A)** | **12/03/19** | **AFFIDAVIT FORD ABUSE BY MID. AND GAM. 10 PG.** |
| CLXXI. | **XII (B)** | | **MESSAGE LOG FROM WORK BY FORD** |
| CLXXII. | | | |
| CLXXIII. | | | |
| CLXXIV. | | | |
| CLXXV. | | | |
| CLXXVI. | | | |
| CLXXVII. | | | |
| CLXXVIII. | | | |
| CLXXIX. | | | |

## CLXXX.  PROOF OF SERVICE

CLXXXI.

CLXXXII. **I certify that the above facts and records attached are true and correct. I certify that a true and correct copy of all exhibits and statements of facts were sent to Defendants via their Attorney Spencer and Fane on this _____ day of November, 2021**

_Angela D Basham_                    11/19/21

**SIGNATURE**                    **DATE**

**PLAINTIFF**
**ANGELA D. BASHAM**
**103 FIRST STREET**
**PO BOX 220**
**LEASBURG, MO 65535**
**573-245-9970**


**DEFENDANTS ATTORNEY OF RECORD**
**SPENCER FANE LLP**
**13520 CALIFORNIA STREET, SUITE 290**
**OMAHA, NE 68154-5254**
**402-965-8600**
**FAX 402-965-8601**
**SPENCERFANE.COM**
**ATTORNEY STATED ALL DEFENDANTS ARE THROUGH THEM.**


**DEFENDANTS**
**MIDLAND FUNDING**
**MIDLAND CREDIT MANAGEMENT**
**GAMACHE AND MYERS**

BASHAMVS.MIDLANDFUNDING 04:15-CV-00030-CDP                    15