I   **ATTACHMENT A STATEMENT OF FACTS**

II   Facts are stated from 2010 in relation to all violations, and do not particularly pertain to anyone

III   violation unless stated, just disclosing all information.

IV   Plaintiffs office number was placed on the due not call list in 2003.

V   **01/04/2010** Chase Billing end 8658 Info on Settling Debt                    **EX I (A)**

VI   January through May, MCM 6-8 calls daily to work so placed on due Not Call

VII   Plaintiff informed MCM that she was informed by Chase, and she was told that she would have to

VIII   wait a period of time from her last payment to settle her Chase Account, and was told a date that she

IX   could settle, **SUPPLIED COPIES OF SETTLEMENT** check number 883 for Juniper account

X   ending in 5943 to MCM                                         **EX 1 (B)**

XI   Plaintiff was on the verge of bankruptcy, and informed Chase her intentions on filing, and that is

XII   when the subject of settling the debt entered, and Plaintiff was informed to prepare her statement for

XIII   settlement and attach a check, and call 866-965-9305, and they would give me information on how

XIV   to settle.

XV   Plaintiff did call number and was told another number 866-965-9330 and WAS TOLD she would

XVI   have to wait until February 22, 2010 to prepare settlement.                   **Ex 1 (A)**

XVII   Midland funding showing Chase as their account in Experian Report            **Ex VII (C)**

XVIII   DNC or WN I state DNC means Do not Call, and WN means work number.

XIX   **02/23/2010** That Plaintiff did wait the allotted time before she wrote checks to settle her Chase

XX   Accounts ending 8658 and 8550.                                **EX VI (A)**

XXI   **03/01/2010**, Please do not contact me by phone any further as per agreement   **EX IV (A)**

XXII    **04/04/2010** Defendant MCM called at Plaintiffs work repeatedly, never citing purpose, such as

XXIII    requesting or updating information on Plaintiff

XXIV    **04/04/2010** Plaintiff received another call from MCM answered by staff, said would return call.

XXV    **04/05/10** Plaintiff received 2 calls from MCM, again only trying to collect upon a Chase account,

XXVI    that Plaintiff had told them she had settled with Chase.

XXVII    Plaintiff has not stated all calls do to volume, but they occurred multiple times daily, as indicated for

XXVIII    half of 2010 per Bates 000236                          **EX XIV (A)**

XXIX    **It is an undisputed fact, that by MCM calling repeatedly and failing to state trying to get**

XXX    **location of debtor or to correct information they violated 1692 b(1)**      **Per Bates 000236**

XXXI    **04/15/2010**      Shows where conversations were made with DAB as to payment, this was per

XXXII    telephone call to Plaintiff at work, disputed previously                **EX XXXI (E)**

XXXIII    **04/20/2010 Per** Bates sheet states left message not on cell so assuming office, number on that sheet

XXXIV    shows 0000000000      17:00:52      **Not on List of Calls per 000236 EX XIV (A),  EX XXXI (B)**

XXXV    **06/20/2010** MCM Billing end 1138 We would like to TY for Payment        **EX II (A)**

XXXVI    Called upon Receipt and Disputed, stated paid to Chase not MCM.

XXXVII    **06/20/2010** MCM Stated we would like to thank you for your previous payment on

XXXVIII    your account, acting as if Chase account ending in 1138 was their account, while Midland.

XXXIX    Credit stated was servicing agent for Chase on this account their # ending in 5657.     **EX II (A)**

XL    **06/21/2010** Billing MCM acct ending in 5657 Notice MCM Service of Chase     **EX II (B)**

XLI    Called upon Receipt and Disputed so called MCM and Explained was

XLII   Paid to Chase, Cease and Desist with calling my work, writing only:

XLIII  and then faxed on their letter same information with Chase settlement to Bruce Williams.

XLIV   **07/13/10** Call to Work at 06:45 A.M. this was MCM answered and then hung up.

XLV    **07/29/10** Letter from MCM, called on 08/02/10 Disputed, and asked to cease calling

XLVI   work and faxed the dispute per account ending in 5657 800-577-4133          **EX III & IV (A)**

XLVII  **07/30/10** Plaintiff Requested MCM to provide proof faxed to them acct 5657          **EX III(A)**

XLVIII **08/28/2010** FAXED A COPY OF THEIR PAYMENT COUPON, AND STATED SETTLED

XLIX   MCM was told via call this account was settled with ck#881 Cleared her account on 03/25/2010, and

L      she disputes this claim.  Dates skip from 10/20/2010 to 12/05/2014 no reason given, CHECKED TO

LI     SEE IF ANY CALLS FROM BATES 000236 FOR DATES OF 04/04, 04/05, 06/19/10 NONE

LII    PRESENT, 06/07, 06/08, 06/09, 06/10, 06/11, 6/12, 06/13/12, 01/22/2013  NONE  PRESENT

LIII   **How did they give log of calls when none are in their logs.**          **EX XXXI(A)**

LIV    Multiple lines deleted or missing sequence errors.

LV     Multiple sequencing errors, where lines have been deleted or omitted, starting at line 3. Plaintiff

LVI    received calls daily from MCM and this log has so many omissions Plaintiff cannot show.

LVII   **11/19/10** Contacted MCM about letters and calls, and told this was settled, then contacted Midland

LVIII  Funding and told them about actions of MCM.

LIX    MCM informed Plaintiff cannot accept check only, I told them to cease calling

LX     LETTER HISTORY, 2299 messages acct 8533655657 EACH ACCOUNT BEARS THIS, Plaintiff

LXI    SUGGESTS this was the amount of messages per her accounts.          Ex **XXXI (D)**

LXII    Disputed acct ending in 1927 THEY CALLED MY CELL, AND WORK, BUT STATED WRONG

LXIII   NUMBER ON FAX LINE                                          **EX XXXI (J)**

LXIV    Midland Credit Management contacted plaintiff repeatedly daily, usually 2 times a day per account

LXV     after verification of check, bank account, and notices with check of settlement, and not once asked to

LXVI    state confirming or correction of location information, or to identify who they were, themselves,

LXVII   outside of MCM.

LXVIII  Starting with date of 04/05/2010, same account ending in 5657, notice multiple

LXIX    calls made to Plaintiff listed as contacting 0000000000, not stating to which number.

LXX     Indicating times before 7 a.m, and or stating no message left, This was where on 000236 calls were

LXXI    stated to be made 04/04-04/05-06/19/2010                     **EX XXXI (B)**

LXXII   2nd page starting with 06/20/10 ending in 07/15/2011skips 33-34, then skips a year,

LXXIII  sequence 37, 37-0001 using o's as number no explanation given to reasons when asked

LXXIV   Contact WRITING "ONLY seq 38-0006

LXXV    Still showing account ending in 5657, dating showing starting 06/20/2010 with 7 dates

LXXVI    listed ending in 07/15/2011, again where is the missing dialog.          **EX XXXI (C)**

LXXVII  Notice at top, verbal written cease desist/refuse #5657          **EX XXXI (D)**

.XXVIII  Notice of speaking with DAB 04/15/10 stating Paid 03/25/10          **EX XXXI (E)**

LXXIX   Showing start date of 07/08/2010 Phone Maintenance for acct ending in 5657

LXXX    **10/21/2010** Copy of billing 8533655657 dispute by phone and faxed dispute, and asked for full

LXXXI   proof.                                                        **EX IV (B)**

LXXXII    **I. this statement was prior to settlement, so did not reflect true balance**

.XXXIII    **ii. this debt had been disputed repeatedly to MCM and Midland Funding**

.XXXIV    **iii. Never received anything to show proof balance was correct.**

LXXXV    **07/08/2011** IRS Assistant EIN Elisha Ford Efordable Tax, this shows they were now calling her

.XXXVI    business not Poor Mans Accounting              **EX XV (A)**

XXXVII    **06/01/12 Call to work FROM MCM STATED WRONG NUMBER at 06:45 a.m.**

:XXVIII    **06/28/12** Telephone Maintenance 8550221927 cellular numbers last digits removed marked DNC

.XXXIX    and Work Number marked WN, and Home number 573-245-9817 NONCNT:

XC    I. I state these mean DNC do not call, WN work number, and NONCNT, no consent to call me as

XCI    these were all stated to MCM by each call and letter

XCII    ii. I specifically asked meaning from Gallegos, attorney on record from MCM, and she stated all

XCIII    discovery was complete and they could not answer what it was.         **EX XXXI (N)**

XCIV    Plaintiff found no sheets containing 2012 history or agents sheets to review calls on Bates000236

XCV    I. Plaintiff submitted this as per calls made in MDL action

XCVI    ii. There is no data in any sheet containing 2012 history or data

XCVII    **12/18/12** MCM Billing Chase ending in 1927 Disputed by phone then FAX        **EX(D)**

XCVIII    **Bates 000236 states one call on 01/22/13 and Plaintiff did not find this call any where on sheets.**

XCIX    **They state blacked areas is privacy to them or Legal**         **EX XXXI(I)**

C    **1/23/2013** Call from MCM regarding Barclay account, then another call regarding Chase, spoke with

CI    secretary in depth about collections from who and how much: there were many calls that were

CII  answered by self and staff, that were hung up on because of belligerence and fowl language from

CIII  MCM.

CIV  **01/24/2013** Midland Funding Cease Communication Barclay Jay Marshall          **EX IV (E)**

CV  **01/24/2013 Plaintiff sent via mail and fax a cease and dispute on BARCLAY**

CVI  **03/10/13** Fax Gamache 2 times with cease and proof          PAGE 2          **EX XIII (D)**

CVII  **03/18/13** Call Gamache 11:47 cease calling work dispute debt          **EX XIII(D)**

CVIII  **03/18/13** MCI G & M Called on 03/10/13 Dispute Debt Cease Calling          **EX XIII (D**

CIX  **06/23/2013** Call from Gamache and Myers regarding Chase Accounts being held in their office for

CX  collection stated file number 13507652, spoke with staff giving detail on account 06/27/2013 Letter

CXI  from G & M about chase disputed over phone and by fax          **EX V (A)**

CXII  **06/23/2013** through 06/23/2013 showing blacked out area, like this on multiple pages. **EX XXXI (I)**

CXIII  **06/27/2013 Gamache Billing for end 7652 Disputed Request Documentation**          **EX V (A)**

CXIV  **07/05/2013** Faxed MCM dispute on debt cease with calls

CXV  **07/05/2013**          G& M 0004 recognize dispute.

CXVI  **07/29/2013** Blank User Agreement My Name NOT There FROM G & M          **EX IV (C)**

CXVII  **07/29/13** Affidavit of Martin Lavergne 03/29/2011 attached, again states part of records, but does not

CXVIII  give a list of purchases, or proof Plaintiff was part of purchase.

CXIX  As stated Midland Funding LLC v. Biehl, 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150, ¶ 24

CXX          **EX VI (D)**

CXXI  **07/31/13** G & M letter acknowledge recent communication          **EX VI (B)**

CXXII    **I. The letter provided did not provide information for after debt was settled**

CXXIII   **ii. The blank user agreement contained no information about Plaintiffs.**

CXXIV    CREDIT BUREAU REPORT BLANK 2299 MESSAGES                    **E XXXI (F)**

CXXV     Plaintiff was **not** told or informed by Chase that her accounts were being sold as indicated

CXXVI    Affidavit of Martin Lavergne given as part of the MDL action, OR SHE would not have offered and

CXXVII   paid a settlement on the debt, but would have filed bankruptcy.                    **EX VI (D)**

XXVIII   **07/31/2013** Gamache Documentation SENT VERIFICATION CHASE                    **EX VI (A)**

CXXIX    **08/23/13** There were multiple calls where I answered from MCM,  that were overheard by patrons

CXXX     where I work, and called back to back when I hung up on them.

CXXXI    On one of these calls they spoke with E. Ford, Employer and threatened to garnish

CXXXII   Plaintiffs wages and put a lien against everything she owns, thinking Ms. Ford was Plaintiff.

XXXIII   **08/24/2013** MCM Called repeatedly to work number in regards to Barclay

XXXIV    Accounts, these were answered by Plaintiff, Staff, and Eldest Daughter.

CXXXV    **09/02/13** Teddy Parker statement of facts occurring at work in August of 2013**EX XXVIII (A)**

XXXVI    **09/23/13** G& M talked about Chase and Barclay collecting for Midland

XXXVII   Funding, Secretary stated only taking messages and would have Ms. Basham Call.

XXVIII   **11/12/13** Gamache and Myers asked for Plaintiff in regards to Barclay, secretary told them

XXXIX    would have her call you when she came in.

CXL      **11/12/13** Gamache, called about Barclay in WORK office again, and secretary

CXLI     told them just taking message, said to call the next day

CXLII   **12/12/13** Called MCM and disputed debt and told them to cease calling cell and work numbers.

CXLIII   MCM calling per account 8550221927,  was told DISPUTED, THIS form is marked disputed, and

CXLIV   shows me calling them 12/12/2013                                               **EX XXXI (J)**

CXLV   **12/17/13** Secretary could not understand but thought Midland, talked about Chase accounts they

CXLVI   were collecting on.

CXLVII   **12/17/13** Experian 9 of 25 Midland Funding No Dispute Charging Interest Monthly **Ex VII** ©

CXLVIII   Plaintiff called MCM and asked how do I get these disputed on my credit since I have already

CXLIX   disputed them to you, and they are not marked?

CL   MCM told me to advise them of my dispute and they can see if they can assist me.

CLI   Plaintiff told agent on phone that they were settled, and I had already provided checks.

CLII   She stated, would not give name, she needed an agreed upon settlement.

CLIII   I stated they cashed the check, and the terms were on the check.

CLIV   She stated she could not help me.

CLV   No disputes were marked in next report 6 months later.

CLVI   **12/17/13** EXPERIAN PAGE 19/25 SHOWS WHERE G AND M REQUESTED      EX **VII (D)**

CLVII   **12/17/2013 Plaintiff ran her credit report to check on status of settled debts**      **VII (B)**

CLVIII   **12/18 /2013** MCI Fax to Midland Cease and Decease Proof Settlement Chase      **EX XIII (E)**

CLIX   **12/18/13** FAXED CEASE AND DESIST TO G AND M      **EX XIII (E)**

CLX   **12/18/13** Fax MCM cease and desist      **EX XIII (G)**

CLXI    **01/03/14**, Another call from California office, MCM, Ms. Ford called the number from letter because

CLXII    they did not leave their number, and told them Plaintiff was going to file charges against them and to

CLXIII    quit calling 573-245-9970.

CLXIV    **01/03/14 Dispute and Cease Calling Work FAXED**

CLXV    **01/08/14** MAILED Dennis Owens, cease and desist and provide proof.      **EX VII(F)**

CLXVI    **01/18/14** Calling from California Branch for Angela Basham 573-245-9970, they were told they

CLXVII    were told do not call or leave messages at Efordable for Plaintiff, they had already been faxed and

CLXVIII    mailed a cease and desist, stop leaving fowl mouth messages on answering machine that Secretary

CLXIX    Answers.

CLXX    **1/18/14** Letter to G and M to Dennis OwensFAX T**O MCM**      **EX VII(F)**

CLXXI    **1/18/14** Letter to G and M to Dennis Owens      **EX VII (E)**

CLXXII    **01/18/14 MCI call Midland Funding**

CLXXIII    **01/26/14** MCM stated they had not received, I sent them statement Jay Marshall      **Ex VI (E)**

CLXXIV    CALL LOGS TO OFFICE      **EX XII (B)**

CLXXV    calls occurring daily that were answered see log of calls for messages

CLXXVI    **02/5/2014** MCI multiple messages Midland California Office, Returned Calls      **EX XIII (F)**

LXXVII    **02/06/14** Multiple messages from Midland California Office, couldn't speak to      **EX XIII (F)**

.XXVIII    anyone, so left message, this type language would not be tolerated, and they had already

LXXIX    been told to cease, this was left by Elisha Ford of Efordable Tax.

CLXXX    **02/07/14, 02/09, 02/11, 02/12. 02/15** Returned calls to California Office      **EX XIII (F)**

LXXXI    **03/10/14** Case 13cf-ac00460 Midland had me in court early of 2014, I requested

LXXXII    discovery, received general objections, then filed a motion to compel, they dismissed

LXXXIII    **06/01/14 pg 3 of 7 Midland Funding Barclays No Dispute**                    IX (A)

LXXXIV    **Credit Karma pg 4 of 7 nothing marked disputed**                    Ex IX (B)

LXXXV    **Credit Karma pg 4 of 7 nothing marked disputed**                    Ex IX (C)

LXXXVI    Line 8550221927 sequence 7, paid $300 to Alliance One,  direct to Chase.        EX XXXI (I)

XXXVII    **Defendants contacted Plaintiff and parties at work before 7 a.m. and after 8 PM per  their**

XXXVIII    **second Chase Account, after Employer notified them repeatedly not to call Plaintiff at work.**

XXXIX    **MCM SUPPLIED A phone maintenance sheet for acct end 4732 again shows 2299 messages,**

CXC    **and dnc and noncnt.**                    XXXI (T)

CXCI    Defendants used false representation or deceptive means to collect a debt by falsely

CXCII    stating that Plaintiff was indebted to them on 4 separate accounts in a multitude of calls, 2 of Chase

CXCIII    and Barclay and or Juniper, plus interest, despite not having sufficient documents related to the

CXCIV    account in its possession: Or never gave when discovery was asked,  when they filed the state court

CXCV    collection action, nor the ability or intention of obtaining documents thereafter.

CXCVI    Defendant Gamache dismissed the court actions in regards to Chase 13cf-ac00460

CXCVII    in Circuit Court.                    EX XVII (B)

XCVIII    MCM showed acct 8550221927 from 07/19/12-09//16/14 plenty of time to dispute

CXCIX    ADDRESS MAIN. ENDING 5657 2299 m'S in upper left corner.        EX XXXI (L)

CC      BATES 000104 sequence errors 4, 5, 8, 9, 14, does show 01/22/13 but states account loaded not

CCI     called                                                          **EX XXXI (O)**

CCII    **11/15/19** Plaintiff compelled discovery from Midland Attorneys, even filed motions to compel, they

CCIII   stated none to give                                             **EX X (A)**

CCIV    Plaintiff received letter from MCM for 000167, and disputed upon receipt,

CCV     but has lost letter.

CCVI    DISPUTED, DO NOT SUE, DELETE FROM CREDIT BUREAU 000169           **EX XXXI(P)**

CCVII   Plaintiff received multiple calls from MCM regarding a Barclay Account January through

CCVIII  December of 2013. Plaintiff disputed by telephone each and every call and then,

CCIX    Multiple calls from MCM from 2010-2016 and G&M, from June of 2012-2014,

CCX     first from MCM for Chase, and Midland Funding, then Gamache for Chase, then MCM for

CCXI    Barclay, then Gamache and Myers for Barclay into 2014 to cell and work.

CCXII   Plaintiff realizes that the important calls that violated the FDCPA has a one year Clause.

CCXIII  Issues still remain that Defendants harassed Plaintiff, staff, and family, throughout 2010-2014 and

CCXIV   then MCM began again harassment even after transferred to Federal Court as referenced in their

CCXV    MDL sheet of calls into 2016.

CCXVI   **08/07/14 AFFIDAVIT OF APRIL WARRANT-SCHWING** purchased as charged off account,

CCXVII  Stating line #8 if the debtor **referenced above is a state of California resident**: which I have never

CXVIII  been, under penalty of perjury.....AND supplied another blank user agreement 000088 not included,

CCXIX   AND gave no record OF Plaintiffs account, just cited info. was one that was purchased, just stated

CCXX    part of records purchased. Midland Funding LLC v.                **EX XXXI(S)**

CCXXI **03/18/14 AFFIDAVIT CARLA RODRIGUEZ** from Midland as to **EX VIII (B)**

CCXXII attesting per personal knowledge facts are true and correct, but again where is a record showing that

CXXIII Plaintiff was part of that purchase **EX VIII (C)& (D)**

CXXIV **07/29/13** Affidavit of Martin Lavergne 03/29/2011 attached, again states part of records, but does not

CCXXV give a list of purchases, or proof Plaintiff was part of purchase.

CXXVI **As stated Midland Funding LLC v. Biehl, 5th Dist. Stark No. 2013 CA 00035, 2013-Ohio-4150,**

CXXVII **¶ 24** **EX VI (D)**

XXVIII

CXXIX 08/11/09 Midland Funding LLC v. Brent, 644 F. Supp. 2D 961, 970 (N.D. Ohio 2009) ruled as

CCXXX affidavit to be false and misleading due to the false attestation of personal knowledge.

CXXXI 06/1/14 FREE CREDIT SCORES BARCLAY NOT MARKED DISPUTED **EX IX (A)**

CXXXII 06/07/2014 wrote asking for proof of debt and why on credit report G & M

XXXIII 06/09/14 Gamache0047 recognizing my inquiries blackened area **Ex XXXII (A)**

XXXIV 06/11/14 GAMACHE0048 Notice Black Area, replying to my re **EX XXXIV (A)**

CXXXV 7/03/14 GAMACHE0049 D wants it heard on 07/24 Barclay Case **EX XXXII (A)**

XXXVI 07/09/14 Pro Se Discovery, Blackened Areas **EX XXXII (A)**

XXXVII 07/15/14 GAMACHE0050 Notice Blackened Areas **EX XXXII (A)**

XXXVIII 07/18/14 GAMACHE0051 Notice Blackened Areas Most of Page Black **EX XXXII (A)**

XXXIX 07/18/14 GAMACHE0052 Notice Blackened Areas Most of Page Black **EX XXXII (A)**

CCXL 07/18/14 GAMACHE0054 Notice Blackened Notice of D Claim **EX XXXII (A)**

| | | |
|---|---|---|
| CCXLI | 07/31/14 GAMACHE0055 Notice Blackened Notice | **EX XXXII (A)** |
| CCXLII | 08/04/14 GAMACHE0056 Notice Blackened Diction of no Merit | **EX XXXII (A)** |
| CCXLIII | 08/08/14 Faxed not interested in settling to G & M | **EX XXXII (A)** |
| CCXLIV | Plaintiff filed a motion to compel 13 cf-ac000460 Midland | **ED XXVI (A)** |
| CCXLV | 08/13/14 Midland dismissed14CF-AC00113 | **EX XXIV (B)** |
| CCXLVI | 07/18/14 **GAMACHE0058** Notice Blackened Receipt of fax | **EX XXXII (A)** |
| CXLVII | 07/18/14 **GAMACHE0057** Entire Page Blackened | **EX XXXII (A)** |
| CXLVIII | 07/18/14 **GAMACHE0058** Notice Blackened Notice of D Claim | **EX XXXII (A)** |
| CCXLIX | 08/20/14 **GAMACHE0059** Judge will not dismiss wants it heard | **EX XXXII (A)** |
| CCL | 08/20/14 **GAMACHE0060** Most of Page Black asked for default judgment | **EX XXXII (A)** |
| CCLI | 08/29/14 **GAMACHE0061** Judge will not dismiss wants it heard | **EX XXXII (A)** |
| CCLII | 09/10/14 **GAMACHE0063** Suit Pending.5 page Black | **EX XXXII (A)** |
| CCLIII | 09/16/14 MCI 3 Faxes to Gamache Dispute and Settlement Pages | **Ex XIII (B)** |
| CCLIV | 09/18/14 **GAMACHE0059** Most Page Black | **EX XXXII (A)** |
| CCLV | 09/22/14 **GAMACHE0065** Most Page Black motion to compel | **EX XXXII (A)** |
| CCLVI | 09/25/14 **GAMACHE0066** Most Page Black Affidavit of sale No ATTY | **EX XXXII (A)** |
| CCLVII | 10/01/14 **GAMACHE0067**1/2 Page Black Motion to Dismiss | **EX XXXII (A)** |
| CCLVIII | 09/18/14 **GAMACHE0071** Whole Page Black | **EX XXXII (A)** |
| CCLIX | 12/10/14 **GAMACHE0072**.5 Page Black Notice of C. R. of Case | **EX XXXII (A)** |

| | | |
|---|---|---|
| CCLX | 12/12/14 Experian Report Midland Chase Account in Dispute 8 of 25 | **EX VII (B)** |
| CCLXI | PG 9 OF 25 not marked disputed, interest charging | **EX VII ©** |
| CCLXII | Plaintiff found this breakdown of FDCPA and gives copy | **EX VII (E)** |
| CCLXIII | 12/18/14 MCM 11/25/14 Fax to MCM Dispute | |
| CCLXIV | 12/28/14 **GAMACHE0073** Most Page Black Claim Closed | **EX XXXII (A)** |
| CCLXV | 07/22/2019 Forward Messages to Gallegos | **EX XXIII (A)** |
| CCLXVI | 08/02/2019 Subpoena ATT for telephone records | **EX XXVII (A)** |
| CLXVII | 10/23/19 National Do Not Call Registry, because of the multitude of calls from D | **EX XX (A)** |
| CLXVIII | 12/01/19 Affidavit of Myranda Evans of abuse by Defendants | **EX XVII (A)** |
| CCLXIX | 08/29/2021 Amended Affidavit Elisha Ford for work occurrences | **EX XII (A)** |
| CCLXX | Calls from G and M continued throughout 2014, but when, G and M ceased calling, MCM began | |
| CCLXXI | again: and many times it sounded like a foreign language. | |
| CLXXII | Plaintiff Mailed, and spoke disputed to Midland and G & M on multiple occasions about | |
| CLXXIII | Chase, Juniper, and Barclay, speaking and writing about this dispute to both of them with | |
| CLXXIV | initial contact and each contact thereafter: because of constant calls and disclosures to parties. | |
| CLXXV | Discovery was requested, never provided, when asked and had to compel they dismissed | |
| CLXXVI | MDL BATES 000236 Break Down 2 pages | **EX-XIV(A)** |
| LXXVII | Bates Labels Gamache | **EX XXXII (A)** |
| .XXVIII | Message Log from Work part of Elisha Ford Affidavit | **EX XII (B)** |
| CLXXIX | Plaintiffs income fell drastically because of the overheard calls | **EX XII ©** |

CLXXX   **END OF FACTS QUESTION I** but these facts may pertain to Question II and III.

CLXXXI   **Question II. This claim is against Midland Credit and Gamache and Myers**

LXXXII   for their violations of the TCPA with the following facts.

LXXXIII   Between February and September 2010.

LXXXIV   **05/04/2010** Plaintiff placed her cellular account /family due not call          **XX (A)**

LXXXV   **MCM temporarily used a LiveVox**, 1000's of calls were answered

LXXXVI   On 3 cellular numbers, there were 6588 calls before 7 and after 9

XXXVII   **06/07/2010** Plaintiff received calls that were seconds apart, while MCM was using Live Vox.

LXXXVIII   Plaintiff requested their do not call policy, and consent but was not given it.

LXXXIX   It is an undisputed fact that Live Vox is an automatic Dialing system.

CCXC   _**Williams v. Schanck**_, No. 5:15-CV-01434-MHH, 2021 U.S. Dist. LEXIS 16858 (N.D. Ala.

CCXCI   **Jan. 29, 2021)**, It was decided in this case, via Deposition of Corporate officer,  that **Live**

CCXCII   **Vox is an automated Dialing System**,  and that corporate officers could be held liable for

CCXCIII   the conduct of their officers and agents.

CCXCIV   Midland introduced to the MDL Action a list of times calling in relation to Plaintiffs case.

CCXCV   MCM-BASHAM000001-000236   BROKEN DOWN WITH CELL RECORDS   **EX XIV (A)**

CCXCVI   Plaintiff HAS copied records that on each of the dates Defendants offered as their call

CXCVII   Log in the MDL action. The number -1 or spoofing was on each of those dates. No

CXCVIII   telephone number of Midland Funding or Midland Credit was ever entered. None of the

CCXCIX   dates and or times they stated they called showed up in any of the Bates Logs they gave.

CCC In disclosures through MDL action there were other calls in their records not listed on that

CCCI short list, in the wee hours of the morning or late in the evening, showing only 9 0's as the

CCCII number dialed, 0's, and 3;s showing on cellular record of 573-855-1217, not mentioned in

CCCIII the MDL sheet given, and in their ordered agent entered discovery after the MDL a list of

CCCIV calls made to cellular numbers, multiple, that were not on that list as well.

CCCV **Total calls deemed spoofing from AT&T of 8372, with 21 calls marked a 1 in 2010, Plaintiff**

CCCVI **placed her entire cellular account on the due not call in May of 2010, and asked MCM and**

CCCVII **Midland for their dispute policy and the consent they were using to call me, but none was ever**

CCCVIII **given, and their attorneys stated all discovery was complete.**

CCCIX Calls occurring cellular number occur at the same time on different Numbers XXXIX (B)

CCCX Calls marked a -1 occurring on same time different dates of youngest daughter XVII (D)

CCCXI Multiple calls occurred at the same exact time on different users on Plaintiffs account.

CCCXII Plaintiff suggests system was programmed to dial those numbers on a set-time.

CCCXIII **MCM states they used Noble Dialer** from 12/2009-07/15/2014 Page 11 **XXXIV (A)**

CCCXIV **It is an undisputed fact that Noble was declared an ATDs.**

CCCXV The Court found that RPM's **Noble Predicative Dialer was an ATDS as interpreted**

CCCXVI **through the lens of Allan.**" Midland has stated they use Noble as a dialer to call people.

CCCXVII *Ramsey v. Receivables Performance Mgmt., LLC, Case No. 1:16-CV-1059, 2020 U.S.* Dist.

CCXVIII LEXIS 236094 (S.D. Oh. December 15, 2020)

CCCXIX **In footnote marked 3, "MCM still uses the Noble Dialer to call landlines-and cell phones for**

CCCXX **which it has Strict Consent."**

CCXXI    Plaintiff has requested and subpoena copies of any consent, and any records to telephone calls and

CCXXII   recordings, but has never received consent to call, or records, other than what is mentioned, but just

CCXXIII  the opposite."These calls were made using predictive dialing functionality on Noble Dialer.

CCXXIV   Page 13 on dialing Systems MCM-MDL001114."

CCXXV    They state on page 8 **they used AVAYA VOIP with Host 3** Duguid, 141 S. Ct. at 1170. "[A]

CCXXVI   necessary feature of an auto dialer under [47 U.S.C.] § 227(a)(1)(A) is the capacity to use a

CXXVII   random or sequential number generator to either store or produce phone numbers to be

XXVIII   called."Duguid,141 S. Ct. at 1173.

CCXXIX   Although it is clear from the text of the auto dialer definition under §227(a) that a device that

CCXXX    generates and dials random or sequential numbers qualifies as an ATDS, it is not clear

CCXXXI   whether a device like the **Avaya system**—that dials from a stored list of numbers only—

CXXXII   qualifies as an ATDS.

XXXIII   Fortunately, related provisions clear up any ambiguity. We hold that the plain text of §227,

XXXIV    read in its entirety, makes clear that devices that dial from a stored list of numbers are

CXXXV    subject to the auto dialer ban. We accordingly AFFIRM the district court's grant of summary

XXXXVI   judgment for Plaintiffs. Midland stated they used the Avaya system

XXXVII   **In 2011 their were 135 calls that were answered to MCM between all users**.

XXVIII   **11259 calls deemed spoofing by AT & T, with 7695 calls, and 51 calls marked a 1.**

XXXIX    **In 2012, 1134 answered calls to MCM, with 83 marked a 1**.

CCCXL    11528 calls deemed spoofing, with 10258 calls BEFORE 7 A.M. AND AFTER 9 P.M..

CCCXLI   **In 2013 their were 187 calls answered to MCM, 11991 spoofing calls.**

CCXLII   8713 that were too early and too late,  and **470 1s. plus a few that were all 3's, or all 0's**

CCXLIII   G & M was calling daughters cellular accounts in 2013 repeatedly.

CCXLIV   In one of these calls Plaintiffs youngest daughter told them to cease calling, she had no information

CCXLV   to help them, but they continued to call into 2014, but cannot state using ATDS equipment

CCXLVI   **In 2014 there were 186 calls marked a 1**, vast calls very late and very early in the morning. **238**

CXLVII   **calls that were answered, calls marked 0000000000** see item 22059 on page 1032 of 573-205-

CXLVIII   1850, **used Noble pg 11**                                              **XXXIV (A)**

CCXLIX   In 2015 there were only 15 calls that were answered.

CCCL   In 2016 there were 16 calls answered, then we changed services.

CCCLI   **Calls marked 10000000000** see item 23535, page 1248, 23677 page 1256, 23738 page 1260, 23799,

CCCLII   23800, 23802, page 1264, on 573-855-1217 there were more.                **EX XXXIII(A)**

CCCLIII   Spoofing calls continued using family and friends numbers                **EX XIII (A), XIX (A)**

CCCLIV   Many of the calls marked a -1 were answered, then got tired of MCM calling, which we knew from

CCCLV   answering these calls                                                    **EX XVII (E)**

CCCLVI   Answered calls dialed at the same time on same account                   EX XXI (A)

CCLVII   Plaintiff realizes that she can not show any of MCMs numbers, because they were never shown as

CCLVIII   indicated in breakdown of Bates000236, but states by using this as reference shows how many calls

CCCLIX   that were made using -1s and other numbers besides their own, spoofing as well

CCCLX   Plaintiff was charged by the minute for all calls, in which ATT Bill was given to

CCCLXI   Defendants.                                                            EX XIV (B)

CCLXII    <u>Reyes v. Saxon Mortg. Services, Inc.</u>, 2009 WL 3738177 *4 (S.D.Cal.2009)

CCLXIII    **In MDL action Defendants presented a phone maintenance sheet, which clearly shows**

CCLXIV    **cellular numbers  were marked DNC, and WN for work  EX XXXI (N), EX XXXI (H) & (T)**

CCLXV    **Question III**

CCLXVI    AGENCIES (CRA) relating to Plaintiff when MCM was notified by the Plaintiff at an address

CLXVII    specified by MCM that

CLXVIII        (i)specific information was inaccurate and

CCLXIX        (ii) the information, was in fact, inaccurate.

CCLXX        (iii) Plaintiff was giving them information that was verified as proof that

CCLXXI        the numbers they were stating were not correct.

CLXXII        Experian credit report

CLXXIII        Pg 8 of 25, Midland Funding shows they were the owner of Chase Account with date

CLXXIV        opened of 02/2010, reporting as of 04/2010.        **EX VII(B)**

CLXXV        Page 9 of 25 Midland Funding owner of Barclay Bank Account originally Barclay

CLXXVI        Bank of Delaware original amount of 5139, not marked as disputed.    **EX VII (C)**

LXXVII        Midland Funding showed charging interest in Barclay Account they owned, without ever

LXXVIII        having a judgment or order of the court showing they were due interest and no

CLXXIX        statement indicating an amount of interest they were charging was given to Plaintiff.

CLXXX        12/17/2013 Free Credit Scores, Credit Karma

| | | |
|---|---|---|
| CLXXXI | 06/01/2014 Free Credit Scores, Credit Karma | |
| LXXXII | Page 3 of 7 Not Marked Disputed, Date Reported 05/19/14 | **EX IX (A)** |
| LXXXIII | Page 5 of 7 Chase Bank MF Date opened 05/14/2012 Not Disputed | **EX IX (C)** |
| LXXXIV | Plaintiff stated to both MCM and Gamache Disputed repeatedly, | |
| LXXXV | § faxed and mailed disputes, as well as contacting credit departments. | |
| LXXXVI | **Bates Label MCM-BASHAM 000011, 000012** | |
| LXXXVII | Labeled Credit Bureau Reports List, shows that the account was repeated stated from | |
| LXXXVIII | 04/19/10 through 08/29/16, indicating plenty of opportunity to show these accounts could | |
| LXXXIX | have been disputed. | |
| CCCXC | **Bates Label MCM-BASHAM000169** Barclay marked Disputed 4732 | **EX XXXI (P)** |
| CCCXCI | **Bates MCM-BASHAM000172** Acct end 4732 credit bureau reports from 03/20/2013 | |
| CCXCII | through 02/20/2015 Plenty of Time to Dispute | **EX XXXI (Q)** |
| CCXCIII | 1/09/2014 **Bates Label GAMACHE0 0019**, 0040 received fax from d requesting vod and | |
| CCXCIV | listing many grievances. | |
| CCXCV | **Bates label GAMACHE0041** 08:31:16 Dispute notice Blackened areas | |
| CCXCVI | 1/09/14 Telephone call TO WORK where I disputed debt with Gamache 15:45:03. | |
| CXCVII | **Bates Label GAMACHE0020** 01/10/14 13:27:40 Disputes Debt Written, this was sent | |
| CXCVIII | again after repeated calls to work telephone. | |
| CCXCIX | 03/21/14 **Bates Label GAMACHE0026** 08:45:45D's Motion to Compel | |
| CD | Plaintiff filed motion to compel multiple times, and they have never complied. | |

| | |
|---|---|
| CDI | **BatesLabelGAMACHE0004** 07/05/2013 Debtor Disputes debt, rcvd fax and dispute |
| CDII | 08/08/14 **BatesLabelGAMACHE0058** Discovery req aug 2014 |
| CDIII | **BatesLabelGAMACHE0065** 09/22/14 14:41:37 Motion to Compel.5 pg blacked out |
| CDIV | **Bates Label MCM-BASHAM000172** Credit Bureau Report for account ending in 4732, |
| CDV | showing Defendants had time to mark account disputed. |
| CDVI | **Bates Label MCM-BASHAM000095** Credit Bureau Reports acct 1927, showing plenty of |
| CDVII | opportunity to dispute, since disputed by Plaintiff |
| CDVIII | **Question IV** |
| CDIX | Defendant Midland Et al must have known by hiring MCM and G&M knowing they were |
| CDX | committing these above actions by the frequent calls to them regarding MCM and G & M. |
| CDXI | Defendants called Plaintiffs work multiple times daily in regards to accounts held in their |
| CDXII | office AND STATED the amounts, and that they were collection agencies. |
| CDXIII | Defendant Midland Funding was called after many of these calls, to try and get assistance |
| CDXIV | with their Employees or Agents, but stated they could not help, they are doing their jobs. |
| CDXV | Midland Credit is just one of the many collection agencies of Midland Funding. |
| CDXVI | Many of these calls were overheard by clients, causing anxiety and tension, then these clients |
| CDXVII | sought other accountants services, causing the Plaintiff to lose income. |
| CDXVIII | Many of these clients reported what they heard outside of Plaintiffs work, repeating these |
| CDXIX | false statements, causing harm to her reputation and her name. |
| CDXX | Arguments occurred daily at her work between her, staff, and daughter, because of the loss of |
| CDXXI | income and clients caused by the overheard calls.. |

CDXXII       The arguments caused constant stress and anxiety between family members, lost

CDXXIII      visitation with family and grand children.

CDXXIV       Plaintiff reviewed her credit statements in disgust knowing she had disputed each of the debts

CDXXV        which caused her anxiety, headaches,  stress, and her blood pressure to rise.

CDXXVI        Plaintiff started receiving calls to cell and office from another collection agency

DXXVII       stating they own this debt, and I am now to pay them.

)XXVIII      When asked they purchased it, assuming from Midland Funding during this legal action

CDXXIX       against them.

CDXXX        **Question V**

CDXXXI       Facts relating to whether Angela Basham is entitled to Overall Judgment against

DXXXII       Midland Funding for violations of the FDCPA, TCPA, and FCRA through the actions

)XXXIII       of Midland Credit and Gamache and Myers hired by Midland Funding.

)XXXIV       As MCM and G& M are acting as agents on behalf  Midland Funding, and Midland Funding

OXXXV        receives payments from those agents on collections of accounts, has benefit in the agencies

)XXXVI       collecting for them.

XXXVII        Should Midland Funding be held vicariously liable for MCM's and G. & M FDCPA, TCPA,

CXXVIII      FRCA violations & Mcm FDCPA, TCPA, FRCA violations

)XXXIX       Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877-79 (9th Cir. 2014), affd.

CDXL         Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 674 (2016)

CDXLI    <u>Williams v. Schanck</u>, No. 5:15-cv-01434-MHH, 2021 U.S. Dist. LEXIS 16858 (N.D. Ala.

CDXLII    Jan. 29, 2021).

CDXLIII    PLAINTIFF BECAME TOTALLY DISABLED IN 2017, AND I AM THANKFUL THAT I

CDXLIV    HAD THIS STARTED PRIOR, BUT REALIZES IT MAY NOT BE LAID OUT

CDXLV    CORRECTLY.

CDXLVI    **PLAINTIFF DOES REALIZE THIS IS A LOT OF FACTS AND STATEMENTS, BUT**

DXLVII    **FEEL THEY ARE NEEDED TO SHOW THE ABUSE THESE COLLECTORS ARE**

DXLVIII    **IMPOSING UPON THE PUBLIC, AND CAN FIND NO OTHER WAY TO SHOW IT**

CDXLIX    **BUT SHARE THESE. PLAINTIFF PRAYS THAT IF THERE IS ANY OTHER**

CDL    **ACTION THE COURT CAN PROVIDE TO ASSIST THEY WILL.**

CDLI    **SINCERELY,**

*Angela D Basham* 11/19/21

CDLII    **ANGELA D. BASHAM**