IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA BASHAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:15-cv-00030-CDP |
| MIDLAND FUNDING, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc. ("MCM"), and Gamache and Myers, PC ("Gamache") (collectively "Defendants") file the following Statement of Uncontroverted Material Facts:

1. Plaintiff filed the above-captioned case on November 26, 2014. (Doc. 6.)

2. Plaintiff had three accounts that were placed with MCM for collection. (Declaration of Adam Swaninger ("Swaninger Decl."), attached hereto as "**Exhibit A**," at ¶¶ 6, 12, 19.)

3. The three accounts are owned by Midland Funding, but Midland Funding has no employees and did not attempt to collect on any of Plaintiff's accounts. (Swaninger Decl. ¶ 4.)

4. MCM was the servicer for Midland Funding as pertinent to the accounts that are at issue in this case. (Swaninger Decl. ¶ 4.)

5. The first account was an account that originated from Chase Bank USA, N.A. ("Chase"), with a Chase account number ending in 1138, and that MCM assigned an account number ending in 5657. (Swaninger Decl. ¶ 6.) This account is referred to as "**Chase 1138 Account**".

1

6. The second account was an account that also originated from Chase, with a Chase account number ending in 8658 and that MCM assigned an account number ending in 1927. This account is referred to as "**Chase 8658 Account**."  (Swaninger Decl. ¶ 12.)

7. The third account was an account that originated from Barclays Bank Delaware, with an account number ending in 5943 and that MCM assigned an account number ending in 4732.  This account is referred to as "**Barclay 5943 Account**."  (Swaninger Decl. ¶ 19.)

8. MCM's records do not demonstrate that its employees communicated improperly or inappropriately in any way with Plaintiff or any third parties in regard to any of these accounts.  (Swaninger Decl. ¶ 26.)

## CHASE 1138 ACCOUNT

9. The last letter that MCM sent to Plaintiff on the Chase 1138 Account was dated October 21, 2010 and MCM sent Plaintiff no other letters after that date.  (Swaninger Decl. ¶ 8.)

10. MCM did not telephone Plaintiff regarding the Chase 1138 Account on or after November 26, 2013.  (Swaninger Decl. ¶ 9.)

11. MCM does not now own or operate, and did not own or operate at the time the telephone calls were placed regarding the Chase 1138 Account, dialing equipment that uses random or sequential number generators to place telephone calls.  (Swaninger Decl. ¶ 9.)

12. Plaintiff has not asserted that she disputed the Chase 1138 Account with a credit reporting agency.  (Doc. 15 ¶¶ 140-164.)

13. MCM's records do not show that Plaintiff submitted a dispute of the Chase 1138 Account to a credit reporting agency after Midland Funding purchased the Chase 1138 Account.  (Swaninger Decl. ¶ 10.)

14. MCM reported the Chase 1138 Account as disputed to the credit reporting agencies from September 16, 2010 until May 19, 2016, at which time the tradeline was deleted. (Swaninger Decl. ¶ 11.)

### CHASE 8658 ACCOUNT

15. The last letter that MCM sent to Plaintiff on the Chase 8658 Account was dated March 21, 2013 and MCM sent no other letters after that date. (Swaninger Decl. ¶ 14.)

16. MCM did not telephone Plaintiff regarding the Chase 8658 Account on or after November 26, 2013. (Swaninger Decl. ¶ 15.)

17. MCM does not now own or operate, and did not own or operate at the time the telephone calls were placed regarding the Chase 8658 Account, dialing equipment that uses random or sequential number generators to place telephone calls. (Swaninger Decl. ¶ 15.)

18. Plaintiff has not asserted that she disputed the Chase 8658 Account with a credit reporting agency. (Doc. 15 ¶¶ 140-164.)

19. MCM's records do not show that Plaintiff submitted a dispute of the Chase 8658 Account to a credit reporting agency after Midland Funding purchased the Chase 8658 Account. (Swaninger Decl. ¶ 16.)

20. MCM reported the Chase 8658 Account as disputed to the credit reporting agencies from July 29, 2013 until August 7, 2014, at which time the tradeline was deleted. (Swaninger Decl. ¶ 17.)

21. On or about June 24, 2013, MCM referred Plaintiff's Chase 8658 Account to Gamache for collection. (Swaninger Decl. ¶ 18.)

22. Gamache assigned the Chase 8658 Account with "File No. 13507652." (Declaration of Donald Horowitz ("Horowitz Decl."), attached as "**Exhibit B**," ¶ 7.)

23. On or about June 27, 2013, Gamache sent Plaintiff a letter regarding the Chase 8658 Account to advise her that the matter had been referred to its office and also: the amount of the debt; the name of the creditor to whom the debt is owed; unless she disputes the debt within thirty days after receipt of the notice, the debt will be assumed valid by Gamache; if she notifies Gamache within the thirty-day period that any portion of the debt is disputed, it will obtain verification of the debt; and that upon her request within the thirty-day period, it will provide her with the name and address of the original creditor. (Horowitz Decl. ¶ 8.)

24. On or about July 5, 2013, Plaintiff sent a facsimile requesting verification of the Chase 8658 Account. (Horowitz Decl. ¶ 9.)

25. On or about July 31, 2013, Gamache sent Plaintiff a validation of debt letter, including an attachment verifying the Chase 8658 Account. (Horowitz Decl. ¶ 10.)

26. On or about November 18, 2013, Gamache, on Midland Funding's behalf, filed a lawsuit against Plaintiff to recover the account. The lawsuit was captioned <u>Midland Funding, LLC v. Angela Basham</u>, No. 13CF-AC00460. (Horowitz Decl. ¶ 11.)

27. Attached to the November 18, 2013 petition was an affidavit and account statement in Plaintiff's name. (Horowitz Decl. at "**Exhibit B-1**" thereto.)

28. On March 20, 2014, <u>Midland Funding, LLC v. Angela Basham</u>, No. 13CF-AC00460 was dismissed without prejudice at Midland Funding's request, by and through Gamache. (Horowitz Decl. ¶ 12.)

29. At no time did Gamache telephone Plaintiff on the Chase 8658 Account using equipment that uses a random or sequential number generator. (Horowitz Decl. ¶ 13.)

30. Gamache cataloged all communications it made as pertinent to Plaintiff's Chase 8658 Account and its records do not demonstrate that its employees communicated falsely,

OM 1014003.1

misleadingly, deceptively, or in any way in violation of the Fair Debt Collection Practices Act with Plaintiff or any third parties in regard to that account.  (Horowitz Decl. ¶ 27.)

31. Gamache did not credit report on Plaintiff's Chase 8658 Account.  (Horowitz Decl. ¶ 26.)

## BARCLAYS 5943 ACCOUNT

32. The last letter that MCM sent to Plaintiff on the Barclays 5943 Account was dated August 23, 2013 and MCM sent no other letters after that date.  (Swaninger Decl. ¶ 21.)

33. MCM did not telephone Plaintiff regarding the Barclays 5943 Account after September 11, 2013.  (Swaninger Decl. ¶ 22.)

34. MCM does not now own or operate, and did not own or operate at the time the telephone calls were placed regarding the Barclays 5943 Account, dialing equipment that uses random or sequential number generators to place telephone calls.  (Swaninger Decl. ¶ 22.)

35. Plaintiff has not asserted that she disputed the Barclays Account with a credit reporting agency.  (Doc. 15 ¶¶ 140-164.)

36. MCM's records do not show that Plaintiff submitted a dispute of the Barclays 5943 Account to a credit reporting agency after Midland Funding purchased the Barclays Account.  (Swaninger Decl. ¶ 23.)

37. MCM reported the Barclays 5943 Account as disputed to the credit reporting agencies from January 16, 2014 until December 17, 2014, at which time the tradeline was deleted.  (Swaninger Decl. ¶ 24.)

38. On or about November 25, 2013, MCM assigned the Barclays 5943 Account to Gamache for collection.  (Horowitz Decl. ¶ 14.)

39. Gamache assigned the Barclays 5943 Account with "File No. 13515167". (Horowitz Decl. ¶ 15.)

40. On or about November 26, 2013, Gamache sent Plaintiff a letter regarding the Barclays 5943 Account to advise her that the matter had been referred to its office and also: the amount of the debt; the name of the creditor to whom the debt is owed; unless she disputes the debt within thirty days after receipt of the notice, the debt will be assumed valid by Gamache; if she notifies Gamache within the thirty-day period that any portion of the debt is disputed, it will obtain verification of the debt; and that upon her request within the thirty-day period, it will provide her with the name and address of the original creditor.  (Horowitz Decl. ¶ 16.)

41. On or about January 6, 2014, Gamache sent Plaintiff an offer letter regarding the Barclays 5943 Account.  (Horowitz Decl. ¶ 17.)

42. On or about January 9, 2014, Gamache received a facsimile from Plaintiff requesting verification of the Barclays 5943 Account.  (Horowitz Decl. ¶ 18)

43. On or about January 14, 2014, Gamache sent a response to Plaintiff's January 9, 2014 facsimile, including a copy of Plaintiff's Barclay 5943 Account statement.  (Horowitz Decl. ¶ 19 and at "**Exhibit B-2**" thereto.)

44. On March 24, 2014, Gamache, on behalf of Midland Funding, filed a lawsuit against Plaintiff to recover the Barclays 5943 Account.  (Horowitz Decl. ¶ 20.)

45. The lawsuit was captioned Midland Funding, LLC v. Angela Basham, No. 14CF-AC00113 in the Circuit Court of Crawford County, Missouri, Associate Judge Division.  On September 11, 2014, the court certified the cause to the Circuit Court of Crawford County to be assigned to a Circuit Judge.  (Horowitz Decl. ¶ 20.)

46. Attached to the March 24, 2014 petition was an affidavit and account statement in Plaintiff's name. (Horowitz Decl. at "**Exhibit B-3**" thereto.)

47. On or about June 9, 2014, Plaintiff corresponded to Gamache regarding accessing her credit report. (Horowitz Decl. ¶ 21)

48. On or about June 11, 2014, Gamache sent Plaintiff a letter advising her that it accessed her credit bureau information to aid in the collection of a debt, which is a permissible purpose under the Fair Credit Reporting Act. (Horowitz Decl. ¶ 22.)

49. Thereafter, the case was assigned to Judge Pearson III in the Crawford Circuit Division Court and on November 4, 2014, at a hearing where counsel for Midland Funding appeared but Ms. Basham did not, the court dismissed the case without prejudice at Midland Funding's request, by and through Gamache. (Horowitz Decl. ¶ 23.)

50. At no time did Gamache telephone Plaintiff on the Barclays 5943 Account using equipment that uses a random or sequential number generator. (Horowitz Decl. ¶ 24.)

51. Gamache cataloged all communications it made as pertinent to Plaintiff's Barclays 5943 Account and its records do not demonstrate that its employees communicated falsely, misleadingly, deceptively, or in any way in violation of the Fair Debt Collection Practices Act with Plaintiff or any third parties in regard to that account. (Horowitz Decl. ¶ 27.)

52. Gamache did not credit report on Plaintiff's Barclays 5943 Account. (Horowitz Decl. ¶ 26.)

### **PLAINITFF'S DISCOVERY RESPONSES**

53. Defendants served Plaintiff with a First Set of Requests for Production of Documents on October 1, 2021. (Declaration of Joshua C. Dickinson ("Dickinson Decl."), attached as "**Exhibit C**," ¶ 3.)

OM 1014003.1

54. On or about October 28, 2021, Plaintiff mailed responses to Defendants' First Set of Requests for Production of Documents and produced documents.  (Dickinson Decl. ¶ 4.)

55. The documents that Plaintiff produced consisted largely of Plaintiff's hand or typewritten notes.  (Dickinson Decl. ¶ 4.)

56. In their First Set of Requests for Production of Documents, Defendants asked Plaintiff to produce all documents that support that Defendants telephoned Plaintiff using a random or sequential number generator or artificial or prerecorded voice.   (Dickinson Decl. ¶ 6 and at "**Exhibit C-1**" thereto at Request Nos. 8-11.)

57. Plaintiff responded with no documents to support that Defendants telephoned her using an automated telephone dialing system or prerecorded or artificial voice.  (Dickinson Decl. ¶ 7 and at Ex. C-1 thereto.)

58. In Plaintiff's Responses to First Set of Requests for Production of Documents at Response No. 2, Defendants asked Plaintiff to produce "[a]ll documents that may support any claim you have asserted in this action" and Plaintiff responded "seel" or "see 1".  (Dickinson Decl. ¶ 5 and Ex. C-1.)

59. In Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents, Plaintiff admitted that she does *not* assert that Gamache telephoned her using an automated telephone dialing system or prerecorded or artificial voice.  (Dickinson Decl. ¶ 6 at Ex. C-1.)

DATED this 7th day of December, 2021.

    Respectfully submitted,

    SPENCER FANE LLP

    By: /s/ Joshua C. Dickinson
        Joshua C. Dickinson, #51446MO
        13520 California Street, Suite 290
        Omaha, NE 68154
        (402) 965-8600 (telephone)
        (402) 965-8601 (facsimile)
        jdickinson@spencerfane.com

        Patrick T. McLaughlin, #48633MO
        1 North Brentwood Blvd., Suite 1000
        St. Louis, MO 63105
        (314) 863-7733 (telephone)
        (314) 862-4656 (facsimile)
        pmclaughlin@spencerfane.com

    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 7th day of December, 2021, with notice of case activity generated and sent to Pro Se Plaintiff, via regular U.S. mail and via email, addressed as follows:

    Angela Basham
    P.O. Box 220
    Leasburg, MO 65535
    drbasham@centurytel.net

        /s/ Joshua C. Dickinson

OM 1014003.1